IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-50-FL

| | | |
|---|---|---|
| TRISTA ANNE SCHMIER, and <br> JONATHAN DAVID SCHMIER, <br><br> Plaintiffs, <br><br> v. <br><br> THE FAYETTEVILLE PUBLIC WORKS <br> COMMISSION; THE CITY OF <br> FAYETTEVILLE, NC; and DAVID W. <br> TREGO <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | ORDER |

This matter is before the court on memorandum and recommendation ("M&R") of Magistrate Judge Robert T. Numbers, II pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaints on frivolity review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff did not object to the M&R. The magistrate judge determined that plaintiffs have failed to correct deficiencies in their filings despite having notice of such deficiencies from the Clerk of Court. Deficiencies include failure of plaintiff Trista Anna Schmier ("Trista") to complete an application for leave to proceed in forma pauperis; failure of Trista to sign the civil cover sheet; both parties' failure to file a financial disclosure statement; and both parties failure to file a notice of self-representation. Where plaintiffs failed to file disclosure statements and notices of self-representation, the clerk provided to the parties the necessary forms, yet plaintiffs have not returned the completed forms. On this basis, this court agrees with the magistrate judge that denial of leave motion to proceed in forma pauperis is the proper remedy.

Additionally, the magistrate judge recommends denial of plaintiffs' motion on the separate and independent ground that this court lacks subject matter jurisdiction. In particular, plaintiffs' claims arise from alleged excessive water bills and state law tort claims hinged thereon. These claims implicate no question of federal law. See North Carolina by and through North Carolina Dept. of Admin. v. ALCOA Power Generating, Inc., 853 F.3d 140, 146 (4th Cir. 2017). Accordingly, the court lacks federal question jurisdiction under 28 U.S.C. § 1331. Moreover, where all parties are domiciled in North Carolina, the court lacks diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Therefore, where the court lacks subject matter jurisdiction to hear plaintiffs' claims, the case must be dismissed.

Upon careful review of the M&R and the record generally, finding no error in this determination, the court ADOPTS the findings and recommendations of the magistrate judge. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case.

SO ORDERED, this the 5th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge